# United States Court of Appeals
## For The District of Columbia Circuit

No. 18-5352                                              September Term, 2018

1:16-cv-02403-RC

**Filed On:** May 17, 2019

Yolanda Bell,

        Appellant

    v.

United States Department of Defense,

        Appellee

**BEFORE:**    Tatel, Millett, and Rao, Circuit Judges

## O R D E R

Upon consideration of the motion to appoint counsel; and the motion for summary affirmance, the March 7, 2019 order to show cause, the joint response to the motion for summary affirmance and the order to show cause, and the reply; it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The allegations in this case are virtually identical to those in Bell v. Dep't of Defense, No. 1:14-cv-470 (E.D. Va.), in which the Eastern District of Virginia concluded that appellee did not fail to reasonably accommodate appellant's disabilities. Accordingly, the district court correctly concluded that appellant's claim in this case of constructive suspension based on a failure to provide a reasonable accommodation is barred by issue preclusion, see Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992), and that appellant's remaining claims are barred by claim preclusion because they were or could have been brought in the earlier case, see Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490 (D.C. Cir. 2009). The district court also correctly concluded that appellant failed to timely seek review of the Merit Systems Protection Board's decision in her constructive suspension appeal before that body because she did not file this case within the 30-day period provided for

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 18-5352**                                      **September Term, 2018**

by 5 U.S.C. § 7703(b)(2).  Finally, appellant has forfeited any argument that the district court erred in denying her various procedural motions or other requests for relief by failing to address them in her opposition.  See U.S. ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

   Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**